UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MYSTERY PRODUCTIONS ENTERTAINMENT, LLC, T/A CLUB RENDEZVOUS, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.07-00707 (HHK) |
| DISTRICT OF COLUMBIA, | ) ) | |
| Defendant. | ) ) ) | |

**THE DISTRICT'S ANSWER TO**
**THE COMPLAINT**

Pursuant to Fed. R. Civ. P. 7(a), 8(b), 12(a)(4)(A) and (b), defendant the District of Columbia ("the District"), by and through undersigned counsel, herein respectfully answers the Complaint in the above-captioned case (comprising nine pages, 32 numbered paragraphs, and four counts).

For ease of reference only, the District utilizes the headings appearing in the Complaint in responding below.

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the District.

**COMPLAINT**

The allegations in the unnumbered paragraph immediately following the heading "Complaint" are plaintiff's legal conclusions to which no answer is required

## SECOND DEFENSE

## JURISDICTION

In response to the numbered allegations in the Complaint, the District states as follows:

1. The allegations in paragraph 1 of the Complaint are plaintiff's legal conclusions to which no answer is required.

2. The allegations in paragraph 2 of the Complaint are plaintiff's legal conclusions to which no answer is required.

3. The allegations in paragraph 3 of the Complaint are plaintiff's legal conclusions to which no answer is required.

## STATEMENT OF FACTS

4. The allegations in paragraph 4 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District admits the allegations.

5. The allegations in paragraph 5 of the Complaint are plaintiff's legal conclusions to which no answer is required.

6. The District admits the allegations in the first sentence of paragraph 6 of the Complaint. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations in the second sentence of paragraph 6 of the Complaint. The District admits that the club holds a "CN" retailer's license, and denies the remainder of the allegations in the third sentence of paragraph 6. The District denies the allegations in the fourth sentence of paragraph 6 to the extent they fail to acknowledge that the referenced actions were undertaken by the National Capital Revitalization Corporation, an independent entity. The District denies the remainder of the

allegations in paragraph 6, and avers that the text of the referenced code section is the best evidence of its content.

7. The allegations in the first sentence of paragraph 7 of the Complaint are plaintiff's legal conclusions to which no answer is required. The allegations in the remaining sentences of paragraph 7 are plaintiff's legal conclusions and factual characterizations to which no answer is required; however, to the extent a response is required, the District denies the allegations.

8. The allegations in paragraph 8 of the Complaint are plaintiff's legal conclusions and factual characterizations to which no answer is required; however, to the extent a response is required, the District denies the allegations and avers that the referenced legislation (and its legislative history) are the best evidence of their content.

9. The allegations in paragraph 9 of the Complaint are plaintiff's legal conclusions to which no answer is required.

10. The allegations in paragraph 10 of the Complaint are plaintiff's legal conclusions to which no answer is required.

11. The allegations in paragraph 11 of the Complaint are plaintiff's legal conclusions and factual characterizations to which no answer is required; however, to the extent a response is required, the District denies the allegations and avers that the transcript(s) and decision(s) of the referenced administrative action are the best evidence of their content.

12. The allegations in paragraph 12 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

## COUNT I

13. The allegations in paragraph 13 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to paragraphs 1 through 18.

14. The allegations in paragraph 14 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

15. The allegations in paragraph 15 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

**COUNT II**

16. The allegations in paragraph 16 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to paragraphs 1 through 15.

17. The allegations in paragraph 17 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

18. The allegations in paragraph 18 of the Complaint are plaintiff's legal characterizations and conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

**COUNT III**

19. The allegations in paragraph 19 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District adopts and

incorporates by reference its answers to paragraphs 1 through 18.

20. The allegations in paragraph 20 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

21. The allegations in paragraph 21 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

22. The allegations in paragraph 22 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

## COUNT IV

23. The allegations in paragraph 23 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to paragraphs 1 through 22.

24. The allegations in paragraph 24 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

25. The allegations in paragraph 25 of the Complaint are plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

## RELIEF SOUGHT

26. The allegations in the one unnumbered and seven (7) numbered paragraphs which

appear directly following the heading "Relief Sought" are plaintiff's prayer for relief to which no answer is required; however, to the extent a response is required, the District denies that any relief should be awarded and requests that this Court dismiss the Complaint with plaintiffs taking nothing by way of damages against the District.

The District further answers that all allegations in the Complaint which are not specifically admitted in this answer are hereby denied. The District also reserves the right to amend its Answer or add new defenses, which may become apparent later.

### THIRD DEFENSE

The District acted at all times relevant herein consistently with all applicable laws, rules, regulations, constitutional provisions and standards of care.

### FOURTH DEFENSE

Plaintiff failed to exhaust its administrative remedies and/or other mandatory filing requirements prior to initiating suit.

### FIFTH DEFENSE

Plaintiffs failed to comply with D.C. Official Code § 12-309 (2001 ed.).

### SIXTH DEFENSE

The District reserves the right to assert any and all defenses which are supported by facts learned through discovery or at trial herein.


DATE: May 21, 2007                    Respectfully submitted,

                                      LINDA SINGER
                                      Attorney General for the District of Columbia

                                      GEORGE C. VALENTINE

Deputy Attorney General, Civil Litigation Division


     /s/ Ellen A. Efros
ELLEN A. EFROS, D.C. Bar No. 250746
Chief, Equity Section I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 442-9886
Facsimile: (202) 727-0431


     /s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov