UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
MYSTERY PRODUCTIONS                 )
ENTERTAINMENT, LLC, T/A             )
CLUB RENDEZVOUS,                        )
                                                    )
                    Plaintiff,                     )
                                                    )
        v.                                          )        Civil Action No.07-00707 (HHK)
                                                    )
DISTRICT OF COLUMBIA,                )
                                                    )
                    Defendant.                   )
_____)

DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and 56(b), Defendant District of Columbia hereby moves this Honorable Court to dismiss the Complaint based on lack of subject-matter jurisdiction and/or plaintiff's failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment.

The grounds and the reasons are set forth more fully in the accompanying Memorandum of Points and Authorities and alternative proposed Orders. As required by LCvR 56.1, a Statement of Material Facts As to Which There is No Genuine Issue has been provided.

DATE: June 8, 2007                    Respectfully submitted,

                                              LINDA SINGER
                                              Attorney General for the District of Columbia

                                              GEORGE C. VALENTINE
                                              Deputy Attorney General, Civil Litigation Division

                                                    /s/ Ellen A. Efros
                                              ELLEN A. EFROS, D.C. Bar No. 250746
                                              Chief, Equity Section I
                                              441 Fourth Street, N.W., 6th Floor South

Washington, D.C. 20001
Telephone: (202) 442-9886
Facsimile: (202) 727-0431


_____/s/ Andrew J. Saindon_____
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
MYSTERY PRODUCTIONS                     )
ENTERTAINMENT, LLC, T/A                  )
CLUB RENDEZVOUS,                         )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )        Civil Action No.07-00707 (HHK)
                                        )
DISTRICT OF COLUMBIA,                   )
                                        )
            Defendant.                  )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT

Defendant District of Columbia ("District" or "government"), pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and 56(b), moves this Court to dismiss the complaint or, in the alternative, for summary judgment. This memorandum of points and authorities is provided in support of the defendants' dispositive motion in accordance with LCvR 7(a). As required by LCvR 56.1, a Statement of Material Facts As to Which There is No Genuine Issue ("SMF") has been provided.

The Court should dismiss the Complaint because plaintiff's claims are not ripe, it lacks standing, and it has failed to exhaust its administrative remedies.

Additionally, the Court should abstain from hearing plaintiff's claims; the Court should decline plaintiff's invitation to inject itself into this quintessentially local matter. What plaintiff claims is a current breach of its constitutional rights is nothing more than a premature challenge to a matter of preeminent local concern—the regulation of adult-oriented businesses that sell alcohol.

I. <u>Factual and Procedural Background</u>

Plaintiff filed suit on or about April 18, 2007, seeking declaratory and injunctive relief regarding the District's "responsibility [sic] and threat of enforcement of" D.C. Official Code § 25-374 (2006 Supp.). Complaint ¶ 5.[1]

Plaintiff operates a club at 2840 Alabama Avenue, S.E., licensed to sell alcohol, "where nude dancing is permitted." *Id*. ¶ 6; SMF ¶ 1.[2] Plaintiff claims that it was "notified by D.C. Government Officials that the government plans to enforce" that code provision "against his [sic] club." *Id.*

Plaintiff's club is in the Skyland Shopping Center, an area designated for "revitalization." SMF ¶ 2. *See, generally, Franco v. District of Columbia*, 422 F.Supp.2d 216, 218 (D.C. 2006). Beginning in 2004, the Council of the District of Columbia passed legislation authorizing the National Capital Revitalization Corporation ("NCRC") "to exercise eminent domain power to redevelop the Skyland Center." *Id*. at 218 (citing D.C. Official Code § 2-1219.19).[3]

On or about March 27, 2006, the RLA Revitalization Corporation ("RLARC"), a subsidiary of the NCRC, acquired title to the subject property. SMF ¶ 3. *See* Defendant's Exhibit No. ("DEx.") 1 to its Opposition to Plaintiff's Motion for a Preliminary and Permanent

---

[1]    Plaintiff misidentifies D.C. Official Code § 25-274 (2006 Supp.) as a "zoning ordinance." Complaint ¶ 6. That provision is part of Title 25, "Alcoholic Beverage Regulation."

[2]    The District reserves and does not waive any future defensive motions or pleadings and does not admit the factual allegations in plaintiff's filings except for purposes of this Motion.

[3]    "In 1998, D.C. created NCRC as an independent instrumentality to encourage economic development and remove blight." *Autozone Dev. Corp. v. District of Columbia*, ___ F.Supp.2d ___, 2007 WL 987558 (D.D.C. Mar. 29, 2007).

Injunction.[4] On or about April 6, 2007, RLARC sent plaintiff a letter giving it 90 days (*i.e.*, until July 6, 2007) to vacate the premises. DEx. 2. The letter also noted the continuing efforts that the RLARC was making "to find a replacement location for your business." *Id.*

The District's Opposition to Plaintiff's Motion for a Preliminary and Permanent Injunction, filed May 7, 2007, is incorporated by reference herein.

On May 31, 2007, the Court issued an Order denying plaintiff's motion for preliminary and permanent injunction.

## II. Argument

In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, a court must accept the allegations in the complaint as true. *See*, *e.g.*, *Croixland Properties Ltd. Partnership v. Corcoran*, 174 F.3d 213, 215 (D.C. Cir. 1999). All reasonable inferences must be drawn in favor of the plaintiff, and a court should only dismiss a complaint for failure to state a claim "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* (*quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)); *see also Price v. Crestar Secs. Corp.*, 44 F. Supp. 2d 351, 353 (D.D.C. 1999).

In a Rule 12(b)(6) analysis, while the complaint is to be construed liberally, courts "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept the legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp., Inc.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, while the court "must assume the truth of all statements proffered by the party opposing summary judgment," it need not

---

[4]     In the interests of efficiency, the District will not re-submit its previous exhibits.

consider wholly conclusory statements for which no supporting evidence is offered. *Greene v. Dalton*, 164 F.3d 671, 674–75 (D.C. Cir. 1999).

It is insufficient, to avoid summary judgment, that some factual issues remain in the case; an issue must be both *genuine* and *material* to preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248 (1986).

If a court considers materials outside the pleadings in a ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must convert the motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(b); *see also Haase v. Sessions*, 835 F.2d 902, 905–906 (D.C. Cir. 1987).

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "complete failure of proof concerning an essential element of the non-moving party's case necessarily renders other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All of the allegations in the Complaint fail as a matter of law. No factual development can resuscitate them. What plaintiff claims is a current breach of its constitutional rights is nothing more than a premature challenge to an administrative process.

A. *Plaintiff's Claims are Unripe.*

Plaintiff's claims are not ripe—it has not yet even applied to transfer its liquor license to another location (nor, obviously, has it been denied that request), and there is no imminent administrative action pending.

-4-

Plaintiff's claims are dependent on "contingent future events," hence they are unripe. *Flynt v. Rumsfeld*, 355 F.3d 697, 702 (D.C. Cir. 2004) (citing *Texas v. United States*, 523 U.S. 296, 300 (1998)).

Here, the District's Alcoholic Beverage Control ("ABC") Board may or may not grant plaintiff's future request for license transferal. Plaintiff appears to *assume* that its application for transfer (which it has not yet submitted) will be rejected. Such conjecture is insufficient to support ripeness. *See Texas*, 523 U.S. at 300 ("a claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'") (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)); *Atl. States Legal Found. v. EPA*, 325 F.3d 281, 284 (D.C. Cir. 2003) (same).

Because no final action has been taken here by any entity of the District, plaintiff's claims are unripe.

Under the ripeness doctrine, a court must examine the "fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Nevada v. Department of Energy*, 457 F.3d 78, 84 (D.C. Cir. 2006) (quoting *Eagle-Picher Indus., Inc. v. EPA*, 759 F.2d 905, 915 (D.C. Cir. 1985)). The Supreme Court has elaborated, concluding that in ripeness challenges a court must consider "(1) whether delayed review would cause hardship to the plaintiff[;] (2) whether judicial intervention would inappropriately interfere with further administrative action; and (3) whether the courts would benefit from further factual development of the issues presented." *Nevada*, 457 F.3d at 84 (quoting *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 733 (1998)).

Here, delayed review would cause no hardship whatever to plaintiff, as it may raise any challenges it may have (constitutional or otherwise) to the rejection of the transfer of its liquor

license *if and when* that rejection occurs. *See Franco*, 422 F.Supp.2d at 225 (plaintiffs will not suffer undue hardship on dismissal for ripeness, because "they will have an opportunity to raise their constitutional challenges in the state condemnation proceeding."). *See also Ohio Forestry Ass'n*, 523 U.S. at 733 (no legal hardship occurs when court does not "command anyone to do anything or to refrain from doing anything . . . grant, withhold, or modify any formal legal license, power, or authority; . . . subject anyone to any civil or criminal liability[, or create] legal rights or obligations.")).

Similarly, the "further factual development" contemplated in case law will occur in the local proceedings, *if and when* plaintiff requests and is denied permission to transfer its liquor license. Thus, plaintiff's claims are not yet ripe. *See Texas*, 523 U.S. at 301 (postponing adjudication gives state courts the opportunity to resolve any constitutional issues that may be present).

Moreover, premature judicial intervention by this Court would inappropriately interfere with further proceedings in this matter of substantial local importance, the licensing and zoning of adult-oriented businesses that sell alcohol.

*The Local Proceedings*

In the District, the holder of a liquor license who seeks to transfer to another location must apply for permission from the ABC Board. *See* D.C. Official Code §§ 25-311, 25-314, 25-317 (2006 Supp.). *See also* Tit. 23, D.C. Mun. Regs., Ch. 15, 16 (2007).

> Before any license is issued or renewed, and before any substantial change in the operation of a licensed establishment . . . the Board shall ensure that proper notice has been provided to the public and that the public has been given at least 45 days in which to protest the license and that an administrative review has been conducted.

*Id*. at 25-431(g).

If such a protest is filed, the Board schedules a hearing to receive testimony and other evidence regarding the application. *Id.* at §§ 25-432; 25-444.

Consequently, even assuming that plaintiff here applies for a transfer of its license, and that transfer is denied, plaintiff will have ample opportunity to raise its constitutional claims regarding § 25-374, either in the protest hearing, or, if there are no protests and the Board denies the request without a hearing, at the D.C. Court of Appeals. *See* D.C. Official Code § 2-510(a) (2006 Supp.) (any person aggrieved by an agency decision "is entitled to a judicial review thereof" in the D.C. Court of Appeals).

Either way, plaintiff's claims are dependent on "contingent future events," hence they are unripe.


B. *Plaintiff Lacks Standing.*

Preliminarily, for the reasons already noted, plaintiff lacks standing because its allegations are "purely speculative[, which is] the ultimate label for injuries too implausible to support standing." *Tozzi v. Dep't of Health & Human Servs.*, 271 F.3d 301, 307 (D.C. Cir. 2001).

A federal court's jurisdiction can only be invoked when a plaintiff has suffered some threatened or actual injury resulting from a defendant's putatively illegal action. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). *See also Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) ("Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be 'certainly impending' to constitute injury in fact.") (*quoting Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)).

Plaintiff has not shown *any* "certainly impending" injury. Plaintiff has not yet been required to relocate, nor has it sought permission to transfer its liquor license to a new location, much less (as implied) been *denied* permission to transfer. Plaintiff's allegations rest on no more than a flimsy chain of speculation.

To have standing, a plaintiff must plead and prove *specifics*. "To meet the injury in fact requirement, the plaintiffs must demonstrate a concrete, actual, or imminent injury." *Autozone Dev. Corp.*, 2007 WL 987558 at *4 (citing *Byrd v. EPA*, 174 F.3d 239, 243 (D.C. Cir. 1999)). *See also Advanced Mgmt. Tech., Inc. v. FAA*, 211 F.3d 633, 636 (D.C. Cir. 2000) ("[s]tanding cannot be 'inferred argumentatively' but rather 'must affirmatively appear in the record'") (quoting *Spencer v. Kemma*, 523 U.S. 1, 10–11 (1998)).[5]

Plaintiff lacks standing. Plaintiff has failed adequately to allege causation; it has not alleged any concrete injury "fairly traceable" to *the District's* action here. *See Autozone Dev. Corp.*, 2007 WL 987558 at *3–*4 (plaintiffs lack standing because, *inter alia*, "unsupported speculation regarding the future actions of non-parties does not constitute injury to the plaintiffs.") (citing *J. Roderick MacArthur Found. v. FBI*, 102 F.3d 600, 606 (D.C. Cir. 1996)).

A plaintiff bears the burden of establishing its standing to sue, and, if unclear, it must prove standing by a "substantial probability . . . ." *Nat'l Assn. of Home Builders v. Army Corps of Engineers*, 417 F.3d 1272, 1286 (D.C. Cir. 2005) (*citing Sierra Club v. EPA*, 292 F.2d 895, 899 (D.C. Cir. 2002)). *See also, e.g., American Coalition for Competitive Trade v. Clinton*, 128 F.3d 761, 764 (D.C. Cir. 1997) (a party that seeks to invoke a court's jurisdiction "is required to

---

[5]       In the classic formulation, for a plaintiff to have standing, it must show (1) concrete, personal injury, (2) which must be fairly traceable to the defendants' conduct, and (3) such injury must be "likely" to be redressed if the relief sought is granted. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). If plaintiff cannot meet all three prongs of this test, the Court must dismiss the suit for lack of standing.

'clearly . . . allege facts' demonstrating its standing under Article III.") (*quoting United States v. Hays*, 515 U.S. 737, 742 (1995)).

Moreover, if a plaintiff's standing is challenged, it must respond affirmatively. *American Library Assn. v. FCC*, 401 F.3d 489, 495 (D.C. Cir. 2005) (if a defendant raises a "comprehensible challenge" to plaintiff's standing, plaintiff "is well advised to respond with precision and clarity to make it clear that standing is present.").

Plaintiff cannot challenge the referenced District law because it has not yet been (and may not be) enforced, and plaintiff cannot "demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *Babbitt*, 442 U.S. at 298 (citing *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)).

Courts must resolve Article III standing questions before proceeding to the merits of a case. *See, e.g., Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88–89 (1998). Additionally, "the merits inquiry and the statutory standing inquiry often overlap" and "are sometimes identical, so that it would be exceedingly artificial to draw a distinction between the two." *Id.* at 97 n.2.

"[E]ach element of Article III standing 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'" *Bennett v. Spear*, 520 U.S. 154,167–68 (1997) (unanimous decision) (*quoting Lujan*, 504 U.S. at 561). *See also Massachusetts v. EPA*, 415 F.3d 50, 55 (D.C. Cir. 2005) (to establish standing, a plaintiff "has the same burden of production as a plaintiff moving for summary judgment in the district court: it must support each element of its claim to standing 'by affidavit or other evidence.'").

"At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice" to support standing, because courts assume plaintiffs can back up those claims with specific evidence at trial. *Lujan*, 540 U.S. at 561; *ASPCA v. Ringling Bros. & Barnum & Bailey Circus*, 317 F.3d 334, 336 (D.C. Cir. 2003) (same). However, parties invoking a federal court's jurisdiction at summary judgment may not rest on "'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts'" demonstrating standing. *Lujan*, 504 U.S. at 561 (*quoting* Fed.R.Civ.P. 56(e)). Similarly, although a plaintiff can set forth by affidavit or other evidence specific facts to survive a motion for summary judgment on standing, *Bennett*, 520 U.S. at 168, that plaintiff "must ultimately support any contested facts with evidence adduced at trial" to show standing. *Id. See also Massachusetts*, 415 F.3d at 55 (in support of standing, at "'the final stage' the evidence plaintiff presented at summary judgment, 'if controverted, must be 'supported adequately by the evidence adduced at trial.'"") (*quoting Lujan*).

To have standing, a plaintiff must allege a "specific present objective harm or a threat of specific future harm." *Laird v. Tatum*, 408 U.S. 1, 14 (1972); *Field v. Brown*, 610 F.2d 981, 990 (D.C. Cir. 1980). *See also Gettman v. DEA*, 290 F.3d 430, 433 (D.C. Cir. 2002) ("The Constitution requires a concrete and particularized injury.").[6]

To establish the standing required to maintain this pre-enforcement challenge, plaintiff must demonstrate by specific facts that it faces a "credible and immediate" threat of

---

[6]     Separation of powers principles underlie the concept of standing, and reflect that courts should not prematurely interfere "with legislative and executive functions which have not yet proceeded so far as to affect individual interests adversely. Accordingly, the courts should never 'anticipate a question of constitutional law in advance of the necessity of deciding it.'" *Field*, 610 F.2d at 990 (*quoting Communist Party v. Subversive Activities Control Bd.*, 367 U.S. 1, 72 (1961).

enforcement. *See, e.g., Babbitt*, 442 U.S. at 298; *Seegars v. Gonzalez*, 396 F.3d 1248, 1251 (D.C. Cir. 2005); *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (party must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement).

To show preenforcement standing, then, a plaintiff must show "a threat of prosecution reaching the level of imminence required by *Navegar*." *Seegars*, 396 F.3d at 1255. Analyzing that alleged threat of prosecution "is a factual and case-specific one" requiring courts to look at a number of factors. *Navegar*, 103 F.3d at 999 (*citing, inter alia, Lion Mfg. v. Kennedy*, 330 F.2d 833, 839 n.10 (D.C. Cir. 1964) (federal court "intervention must, at the very least, rest upon a showing of an immediate and tangible danger to the person assertedly apprehensive of prosecution.")).[7]

Plaintiff cannot meet this burden. *See Navegar*, 103 F.3d at 999 ("plaintiffs allege no prior threats [of prosecution] against them or any characteristics indicating an especially high probability of enforcement against them."). In *Navegar*, for example, the court found that a threat

---

[7]     *See also Lion Mfg.*, 330 F.2d at 839–40:

Just as the complaint alleges no specific threat of prosecution, so it does not allege facts which raise such threat.

* * *

To assert that [legislation] is unconstitutional on its face is a formidable contention under any circumstances; the least that can be required of one who makes it is that he relate himself clearly to the impingement of the statute. This, in order to create a meaningful lawsuit within our adversary tradition, calls for more than a mere prayer for an adjudication of the statute's invalidity now in order that one may be spared any prospect, however remote, of being obliged to defend oneself later.

*Id*. (footnote omitted).

of enforcement of a federal law was not sufficiently "credible" even when the plaintiff firearm-manufacturers had personally been visited by ATF agents and notified of the disputed law's enactment. 103 F.3d at 1000.[8]

Similarly, in *Seegars*, the Circuit found that plaintiffs, to establish standing to challenge a District law, "were required to show that the District had singled them out for prosecution . . . ." *Parker v. District of Columbia*, 478 F.3d 370, 374 (D.C. Cir. Mar. 9, 2007) (discussing *Seegars*). Because the *Seegars* plaintiffs "could show nothing more than a general threat of prosecution by the District," they lacked standing. *Id*.

The identical situation obtains here. Plaintiff has failed to show any "credible and immediate" threat of enforcement by the District. Plaintiff has not shown that it "ha[s] been singled out or uniquely targeted by the D.C. government for prosecution[,]" nor has it pointed to any "actual and specific" threats of enforcement, which showing is "insufficient" to demonstrate standing. *Parker*, 478 F.3d at 375.

> None of the statements cited by appellants expresses a "special priority" for preventing *these* appellants from violating [District] laws, or a particular interest in punishing *them* for having done so. Rather, the District appears to be expressing a sentiment ubiquitous among stable governments the world over, to wit, scofflaws will be punished.

*Parker*, 478 F.3d at 375 (emphasis in original).

So too here—plaintiff has presented no competent evidence showing a credible threat of enforcement of the disputed District law against it, hence it lacks standing. *See, e.g., Seegars*, 396 F.3d at 1253 (this Circuit's preenforcement standing cases "appea[r] to demand more than a

---

[8]     Some plaintiffs in *Navegar* did have standing however, but only those manufacturers whose products were *singled out by model name* in the statute. *Id*. at 1001.

credible statement by the plaintiff of intent to commit violative acts and a conventional background expectation that the government will enforce the law.") (*citing Navegar*).

C. *Even Assuming Jurisdiction, The Court Should Abstain.*

Abstention is a "threshold question" that should be determined before addressing jurisdiction. *Worldwide Moving & Storage, Inc. v. District of Columbia*, 445 F.3d 422, 423 n.1 (D.C. Cir. 2006) (citing *Tenet v. Doe*, 544 U.S. 1, n.4 (2005)). Here, the Court, even if it determines that it has subject-matter jurisdiction over plaintiff's claims, should abstain from exercising it. *See JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1120 (D.C. Cir. 2004) (determining that abstention under *Younger v. Harris*, 401 U.S. 37 (1971) applies to the District of Columbia).

In *JMM*, the operator of an adult video store brought suit challenging the constitutionality of District zoning regulations, and sought to enjoin the ongoing administrative zoning enforcement action. The district court dismissed all of plaintiff's claims for injunctive and declaratory relief, and the Circuit affirmed:

> The ongoing District of Columbia proceedings are judicial in nature and implicate important District interests; those proceedings afford [plaintiff] an adequate opportunity to litigate its federal claims; and there are no extraordinary circumstances warranting equitable relief. Accordingly, the criteria for application of the *Younger* doctrine have been satisfied, and the district court's dismissal of [plaintiff]'s complaint was appropriate.

*Id*. at 1128; *see also Bridges v. Kelly*, 84 F.3d 470, 476 (D.C. Cir. 1996) (same).[9]

---

[9] The instant plaintiff, like that in *JMM*, does not seek damages, but only declaratory and injunctive relief, hence dismissal is appropriate. *See* Complaint ¶¶ 27–30.

Identically here, *when* the local proceedings occur, they will be judicial in nature and implicate important District interests; the proceedings will also afford plaintiff an adequate opportunity to litigate its constitutional claims.

Although in the instant matter there is not yet a current, ongoing administrative proceeding with regard to plaintiff's liquor license, the Circuit in *JMM Corp.* made a number of findings that are directly applicable here nevertheless. The Circuit found that, regardless of whether proceedings begin at the Superior Court or at the administrative level, the regulated entity has an adequate opportunity to raise its constitutional claims as defenses to any enforcement of District law. *JMM Corp.*, 378 F.3d at 1121.[10]

Consequently, even assuming that plaintiff here applies for a transfer of its license, and that transfer is denied, plaintiff will have ample opportunity to raise its constitutional claims regarding § 25-374, either in the protest hearing before the ABC Board, or, if there are no protests and the Board denies the request without a hearing, at the D.C. Court of Appeals.

The Circuit noted in *JMM Corp.* that *Younger* abstention was appropriate "even where a defendant levels a facial First Amendment challenge against a regulation and contends that its existence has a chilling effect on his free speech." *JMM Corp.*, 378 F.3d at 1122 n.11.[11] The

---

[10]   "Whether or not the [entity] can raise its constitutional defenses at the administrative level, 'it is sufficient under [*Younger*] that constitutional claims may be raised in state-court judicial review of the administrative proceeding.'" *Id*. at 1121 (quoting *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 629 (1986)).

[11]   To the extent plaintiff argues that D.C. Official Code § 25-374 is subject to "two possible interpretations," P.Mem. at 3, abstention would still be appropriate. *See JMM Corp.*, 378 F.3d at 1124–25 (discussing abstention under *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496 (1941), which holds that "when a federal constitutional claim is premised on an unsettled question of state law, the federal court should stay its hand in order to provide the state courts an opportunity to settle the underlying state-law question and thus avoid the possibility of unnecessarily deciding a constitutional question.") (quoting *Harris County Comm'rs v. Moore*, 420 U.S. 77, 83 (1975)). *Cf. Legal Serv. Corp. v. Velazquez*, 531 U.S. 533, 545 ("It is well

-14-

Circuit also reaffirmed that "enforcement of [land-use] regulations, like those at issue here, constitutes an important state interest." *Id*. at 1126 (citing *City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425, 435–37 (2002); *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 50 (1986)).[12]

"The Supreme Court has held that the First Amendment does not prohibit laws justified by a valid governmental interest when those laws do not reflect an intent to control the content of speech but rather incidentally limit unfettered exercise of the right." *Lawrence v. Chabot*, 182 Fed. Appx. at 453 (citing *Konigsberg v. State Bar*, 366 U.S. 36, 50 (1961)).

Although "nude dancing is not without its First Amendment protections[,]" *Schad v. Mt. Ephraim*, 452 U.S. 61, 66 (1981), "the State has ample power to prohibit the sale of alcoholic beverages in inappropriate locations." *44 Liquormart, Inc.*, 517 U.S. at 516 (citing *California v. LaRue*, 409 U.S. 109, 118 (upholding state's regulation of nude dancing in places where alcohol is served)). *See also Rubin v. Coors Brewing Co.*, 514 U.S. 476, 482 n.2 (1995) (citing *LaRue*, 409 U.S. at 138 (holding that States may ban nude dancing in bars and nightclubs that serve liquor)).

In light of *JMM*, on abstention grounds alone, the Court should dismiss the Complaint.

D. *Plaintiff Has Failed to Exhaust Its Administrative Remedies.*

In evaluating whether it has subject matter jurisdiction, a court must construe the complaint liberally, and give the plaintiff the benefit of all reasonable inferences. *Tozzi v. EPA*,

_____

understood that when there are two reasonable constructions for a statute, the Court should prefer the interpretation which avoids the constitutional issue.") (citations omitted).

148 F. Supp. 2d 35, 41 (D.D.C. 2001) (citing *Scheuer v. Rhodes*, 416 U.S. 232 (1974)). The court must view the allegations as a whole, and a conclusory averment of subject matter jurisdiction, negated by other allegations in the pleading, should result in dismissal. *See id*. at 35, 41 (citation omitted). In *Convertino v. United Stated Department of Justice*, 393 F. Supp. 2d 42 (D.D.C. 2005), the Court held that, pursuant to Fed. R. Civ. P. 12(b)(1), it must dismiss claims over which it has no subject matter jurisdiction. "It is a 'long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *Id*. at 45 (quoting *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41 (1938)); *see also id*. at 51 n. 9 (collecting cases); *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90 (D.C. Cir. 1986); *Utah Power & Light Co. v. ICC,* 747 F.2d 721 (D.C. Cir. 1984).

Available administrative remedies must be exhausted before a party may resort to judicial relief. *See, e.g., Comm. of Blind Vendors of D.C. v. District of Columbia*, 28 F.3d 130, 133–34 (D.C. Cir. 1994) (even if case is not governed by APA or any other statute requiring exhaustion, that doctrine applies "as a matter of judicial discretion.") (quoting *Darby v. Cisneros*, 509 U.S. 137, 154 (1993)); *Franco v. District of Columbia*, 456 F.Supp. 2d 35, 41 (D.D.C. 2006) (plaintiffs must exhaust state-court remedies).

This exhaustion doctrine is premised on several policy considerations, including the promotion of judicial economy by allowing an administrative forum with specialized knowledge to resolve issues and thereby possibly eliminate the need for further judicial action on those issues. *See New York Ophthalmological Society v. Bowen*, 854 F.2d 1379, 1387 (1988). A vigorous exhaustion

---

[12]    *See also, generally, Young v. American Mini Theatres, Inc.*, 427 U.S. 50, 62–63 (1976) (upholding zoning regulation of sexually oriented businesses as valid "time, place, and manner" restriction).

requirement "also promotes effective and efficient judicial review by ensuring that such review is of a fully developed factual record, and undertaken with the benefit of the agency's exercise of discretion or application of expertise." *Weinberger,* 795 F.2d at 105 (citing *McKart v. United States*, 395 U.S. 185, 195 (1969)*McKart,* 395 U.S. at 194; *Athlone Indus. v. Consumer Prod. Safety Comm'n,* 707 F.2d 1485, 1488 (D.C. Cir. 1983)).

As noted, once a final order is issued by a District agency, plaintiff would be able to appeal such an order under the D.C. Administrative Procedure Act to the DCCA and have that court hear its constitutional as well as local-law claims. Plaintiff has not exhausted its administrative remedies, because the administrative process has not yet even begun.

### III. Conclusion

For the foregoing reasons, the defendant moves to dismiss the Complaint or, in the alternative, for summary judgment. Alternative proposed Orders are attached hereto.

DATE: June 8, 2007                    Respectfully submitted,

                                      LINDA SINGER
                                      Attorney General for the District of Columbia


                                      GEORGE C. VALENTINE
                                      Deputy Attorney General, Civil Litigation Division


                                          /s/ Ellen A. Efros
                                      ELLEN A. EFROS, D.C. Bar No. 250746
                                      Chief, Equity Section I
                                      441 Fourth Street, N.W., 6th Floor South
                                      Washington, D.C. 20001
                                      Telephone: (202) 442-9886
                                      Facsimile: (202) 727-0431

_____/s/ Andrew J. Saindon_____
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

)
MYSTERY PRODUCTIONS                    )
ENTERTAINMENT, LLC, T/A                 )
CLUB RENDEZVOUS,                        )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )        Civil Action No.07-00707 (HHK)
                                        )
DISTRICT OF COLUMBIA,                   )
                                        )
            Defendant.                  )
_____)

DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH
THERE IS NO GENUINE ISSUE

1.  Plaintiff operates a club at 2840 Alabama Avenue, S.E., licensed to sell alcohol, "where nude dancing is permitted." Complaint ¶ 6.

2.  Plaintiff's club is in the Skyland Shopping Center, an area designated for "revitalization." *See, generally, Franco v. District of Columbia*, 422 F.Supp.2d 216, 218 (D.C. 2006). Beginning in 2004, the Council of the District of Columbia passed legislation authorizing the National Capital Revitalization Corporation ("NCRC") "to exercise eminent domain power to redevelop the Skyland Center." *Id*. at 218 (citing D.C. Official Code § 2-1219.19).

3.  On or about March 27, 2006, the RLA Revitalization Corporation ("RLARC"), a subsidiary of the NCRC, acquired title to the subject property. *See* Defendant's Exhibit No. ("DEx.") 1 to its Opposition to Plaintiff's Motion for a Preliminary and Permanent Injunction. On or about April 6, 2007, RLARC sent plaintiff a letter giving it 90 days (*i.e.*, until July 6, 2007) to vacate the premises. DEx. 2. The

letter also noted the continuing efforts that the RLARC was making "to find a replacement location for your business." *Id.*

    4.  Plaintiff has not yet applied to transfer its liquor license to another location.


DATE: June 8, 2007                Respectfully submitted,

                                  LINDA SINGER
                                  Attorney General for the District of Columbia

                                  GEORGE C. VALENTINE
                                  Deputy Attorney General, Civil Litigation Division

                             /s/ Ellen A. Efros
                                  ELLEN A. EFROS, D.C. Bar No. 250746
                                  Chief, Equity Section I
                                  441 Fourth Street, N.W., 6th Floor South
                                  Washington, D.C. 20001
                                  Telephone: (202) 442-9886
                                  Facsimile: (202) 727-0431


                             /s/ Andrew J. Saindon
                                  ANDREW J. SAINDON, D.C. Bar No. 456987
                                  Assistant Attorney General
                                  Equity I Section
                                  441 Fourth Street, N.W., 6th Floor South
                                  Washington, D.C. 20001
                                  Telephone: (202) 724-6643
                                  Facsimile: (202) 727-0431
                                  andy.saindon@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
MYSTERY PRODUCTIONS                    )
ENTERTAINMENT, LLC, T/A                )
CLUB RENDEZVOUS,                       )
                                       )
                Plaintiff,             )
                                       )
        v.                             )        Civil Action No.07-00707 (HHK)
                                       )
DISTRICT OF COLUMBIA,                  )
                                       )
                Defendant.             )
_____)

<u>ORDER</u>

Upon consideration of the Defendant's Motion To Dismiss or, in the Alternative, for

Summary Judgment, the Memorandum of Points and Authorities in Support thereof and any

opposition thereto, the entire record herein, and it appearing that the relief should be granted, it is

hereby:

ORDERED, that the Defendant's Motion To Dismiss be, and hereby is, GRANTED, and

it is

FURTHER ORDERED, that the Complaint is hereby DISMISSED with prejudice.

SO ORDERED.

SO ORDERED.


DATE: _____          _____
                                     HENRY H. KENNEDY
                                     United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| MYSTERY PRODUCTIONS ENTERTAINMENT, LLC, T/A CLUB RENDEZVOUS, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No.07-00707 (HHK) |
| DISTRICT OF COLUMBIA, ) ) | |
| Defendant. ) ) | |

---

## ORDER

Upon consideration of the Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment, the Memorandum of Points and Authorities in Support thereof and in opposition thereto, the entire record herein, and it appearing that the relief should be granted, it is hereby:

ORDERED, that the Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment be, and hereby is, GRANTED, and it is

FURTHER ORDERED, that summary judgment is hereby GRANTED to the defendant on all counts of the Complaint.

SO ORDERED.


DATE: _____          _____
                                        HENRY H. KENNEDY
                                        United States District Judge